IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

                            CRIMINAL NO. 5:06CR55
                            (STAMP)

**HEIDI JANELLE SILVER MYERS,**

    **Defendant.**

## REPORT AND RECOMMENDATION

On January 30, 2007, the parties in this matter appeared before the Court for a hearing on Defendant's Motion to Dismiss the Indictment Based on Prosecutorial Misconduct in the Grand Jury Proceedings (Doc. 8). The defendant, Heidi Janelle Silver Myers, was present in person and by counsel William B. Moffitt, Pleasant Broadnax, and Kevin Mills. Assistant United States Attorneys Paul Camilletti and Thomas Mucklow appeared on behalf of the United States.

The relevant facts, as contained in the parties' filings and as brought to light at the January 30 motions hearing, are as follows. On November 17 and 21 of 2006, the United States served two subpoenas on the defendant seeking closed case files, a computer server, and a backup hard drive. The subpoenas were returnable on December 5, 2006. As evidenced at the hearing, the United States believed the requested materials, relevant to an ongoing investigation, were removed from the defendant's office

prior to the execution of a search warrant on November 17, 2007.

Following the issuance of the subpoenas, the United States engaged defendant's former counsel in discussions seeking to resolve the dispute. However, on December 4, 2006, the defendant's current attorney, William Moffitt, contacted the United States to provide notice of the substitution of counsel. In a subsequent call, Mr. Moffitt requested an extension of time to appear and answer the Grand Jury subpoenas. As justification for the requested extension, Mr. Moffitt indicated that a scheduled and necessary medical procedure prevented his attendance on December 5, 2006. Though the defendant implies improper motives on the part of Assistant United States Attorney Paul Camilletti, the clarity of his response is not in dispute; the United States informed defense counsel that no extension would be given. As expressed on the record at the January 30 motions hearing, Mr. Camilletti's concern about the ongoing destruction of evidence in violation of 18 U.S.C. § 1512(c) informed his decision to withhold the requested extension. In contrast, the defendant alleges that Mr. Camilletti's decision was motivated by animus.

On the morning of December 5, 2007, defense counsel Pleasant Brodnax telephoned Mr. Camilletti and the chambers of United States District Judge Frederick P. Stamp, Jr. in an attempt to secure an extension. However, Mr. Brodnax was unsuccessful in his attempts at contact. Furthermore, the record is clear that neither the

defendant nor any attorney representing her appeared as directed on December 5, 2006. As a result of this failure to appear, the defendant was indicted for violation of 18 U.S.C. § 401(3). In support of the motion to dismiss the indictment filed on January 8, 2007, the defendant alleges that Assistant United States Attorney Paul Camilletti violated his ethical duties in failing to inform the grand jury, and also United States District Judge Frederick P. Stamp, Jr. in an *ex parte* proceeding, of the reasons for the defendant's absence. Additionally, the defendant contends that this alleged ethical violation resulted in actual prejudice to the defendant in the form of the subsequent indictment for violation of 18 U.S.C. § 401(3).

As correctly identified in Defendant's Motion to Dismiss (Doc. 8), the standard for dismissing an indictment due to prosecutorial misconduct is a two part inquiry. See Bank of Nova Scotia v. United States, 487 U.S. 250, 256 (1988). First, the Court undertakes the determination of whether prosecutorial misconduct occurred. United States v. Golding, 168 F.3d 700, 703 (4th Cir. 1999). If misconduct did in fact occur, the Court must still address whether the identified misconduct resulted in actual prejudice. Id. As noted by the United States Supreme Court, actual prejudice means "that the violation substantially influenced the decision to indict, or . . . there is grave doubt that the decision to indict was free from substantial influence of such

violations." Bank of Nova Scotia 487 U.S. at 78.

As an initial matter, it should be noted that the undersigned has reviewed neither the sealed transcripts from the December 5, 2006 Grand Jury proceedings nor the sealed transcripts from the December 5, 2006 *ex parte* proceeding before United States District Judge Frederick P. Stamp, Jr., during which the defendant contends the alleged misconduct occurred. As such, the Court in not prepared to speculate into what may or may not have been said at the proceedings in question. However, even if one were to assume impropriety on the part of Assistant United States Attorney Paul Camilletti, it is clear that Defendant's Motion to Dismiss the Indictment Based on Prosecutorial Misconduct in the Grand Jury Proceedings (Doc. 8) is without merit.

As noted above, in order to prevail on a motion to dismiss based on prosecutorial misconduct, the movant must demonstrate actual prejudice. After review of the defendant's motion and careful consideration of the arguments presented at the January 30 motions hearing, it is apparent that the defendant failed to make this showing. Here, defense counsel does not maintain that Assistant United States Attorney Paul Camilletti mislead him into believing that an extension would be granted. To the contrary, Mr. Moffitt candidly informed the Court that Mr. Camilletti informed him on December 4, 2006 of his intention to proceed as scheduled with the December 5, 2006 Grand Jury proceeding. Furthermore, it

is well settled that "absent a compelling reason, a court may not interfere with the grand jury process," and the proper way to challenge a subpoena is by filing a motion to quash. <u>In re Grand Jury Proceedings No. 5</u>, 401 F.3d 247, 250 (4th Cir. 2005). As such, the undersigned finds it particularly noteworthy that no motion to quash the subpoenas was ever filed prior to December 5, 2006. In sum, the Court fails to comprehend how the defendant's indictment for failure to appear, despite the absence of any motion to quash, or assurances from the Court, or assurances from the United States, could properly be considered the result of any of the alleged misconduct on the part of Assistant United States Attorney Paul Camilletti. Therefore, the undersigned finds that the defendant has failed to carry her burden of demonstrating actual prejudice, and for that reason, it is respectfully recommended that Defendant's Motion to Dismiss the Indictment Based on Prosecutorial Misconduct in the Grand Jury Proceedings (Doc. 8) be DENIED.

    Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr. United States District Judge. Failure to timely file objections will result in waiver of the

right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. §636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

The Clerk is directed to transmit true copies of this Report and Recommendation to the defendant and all counsel of record herein.

**DATED** this 7th day of February, 2007.

/s/ David J. Joel
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE