IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v().    Criminal Action No. 5:06CR55
    (STAMP)

HEIDI JANELLE SILVER MYERS,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING UNITED STATES'S MOTION IN LIMINE
REGARDING ADVICE OF COUNSEL DEFENSE AND
GRANTING UNITED STATES'S MOTION IN LIMINE
REGARDING DISQUALIFICATION OF DEFENDANT'S COUNSEL**

Defendant, Heidi Janelle Silver Myers ("Myers"), was indicted by the grand jury for the Northern District of West Virginia charging her with criminal contempt in violation of 18 U.S.C. § 401(3). The indictment charges that on or about December 5, 2006 in Ohio County, West Virginia, Myers willfully and knowingly disobeyed and resisted a lawful writ, process, order, rule, decree and command of the United States District Court for the Northern District of West Virginia, that is, separate subpoenas issued by the grand jury commanding the production of: (1) closed case files and (2) tower type server by failing to appear and to produce those requested documents and items.

Jury selection and trial in this criminal contempt action is scheduled to commence on Tuesday, February 20, 2007.

On February 5, 2007, the United States filed a motion in limine seeking an order from this Court prohibiting defendant Myers from "arguing any statement, inference or remark before the jury that she committed the offense of disobedience to a court order on advice of counsel." (Pl.'s Mot. in Limine Advice of Counsel at 1.) On February 14, 2007, defendant Myers filed a response to this motion in limine.

On February 5, 2007, the United States also filed a separate motion in limine seeking an order from this Court prohibiting "attorneys William B. Moffitt, Pleasant Brodnax and perhaps Kevin D. Mills" from representing defendant at the trial of this case.

While this Court originally entered an order of reference on January 12, 2007 referring defendant's separate motion to dismiss the indictment based on prosecutorial misconduct in the grand jury proceedings and any other pretrial motions to United States Magistrate Judge David J. Joel, on February 7, 2007, this Court entered an order vacating that order of reference but only insofar as the order of reference included motions in limine. Accordingly, Magistrate Judge Joel continued to consider and resolve motions other than motions in limine and this Court has considered and is now ruling upon the above-mentioned two motions in limine.

On February 8, 2007, this Court entered an order establishing an expedited schedule for the filing of responses to these motions in limine. The Court ordered that all responses to motions in

2

limine should be filed on or before February 14, 2007 at 12:00 noon.  As noted above, defendant filed a response to the United States's motion in limine regarding the advice of counsel issue. There was no response by defendant to the motion in limine regarding the disqualification of counsel issue.  On February 15, 2007, this Court conducted, by videoconference consented to by the parties, a hearing on these motions in limine as well as the objection to the report and recommendation of Magistrate Judge Joel regarding the motion to dismiss based on prosecutorial misconduct.

Following a review of these motions in limine and any response thereto and after considering oral argument presented at the hearing on February 15, 2007, this Court finds that the motion in limine of the United States concerning the defense of advice of counsel should be DENIED, that the motion to disqualify attorneys Moffitt and Brodnax should be GRANTED, and that the motion to disqualify attorney Mills, based upon the record to date, should be DENIED.

I.  Facts

Many of the facts relevant to these two motions in limine appear to be undisputed.

Subpoenas dated November 17, 2006 were served upon defendant Myers ordering her to produce certain documents before a grand jury sitting in Wheeling on December 5, 2006.  One subpoena served on November 17, 2006 directed defendant Myers to appear before the

3

grand jury on December 5, 2006, and to bring with her all closed case files in possession of Myers Law Group, Heidi J. Myers and/or Nancy Burkhart. A second subpoena served on November 21, 2006 directed defendant Myers to appear before the grand jury on December 5, 2006 and to bring with her the tower type server and back up hard drive "of, belonging to, possessed by, now or in the past, Myers Law Group, Heidi J. Myers, Nancy Burkhart." Each subpoena indicated that the subpoena would remain in effect until defendant Myers was granted leave to depart by the Court or by an officer acting on behalf of the Court.

On December 5, 2006, the United States came before this Court and requested the issuance of a criminal complaint based upon the following facts:

(1) That on or about November 17, 2006 and November 21, 2006, Heidi Janelle Silver Myers was served with subpoenas to appear before a federal grand jury at 9:00 a.m. on Tuesday, December 5, 2006 in Wheeling, West Virginia.

(2) That on December 5, 2006, the grand jury met in Wheeling. However, Myers did not appear as subpoenaed. Attached to the criminal complaint were the above-mentioned subpoenas.

(3) Defendant Myers did not appear and produce the documents and items as requested and, as of February 15, 2007, has not produced the documents and items requested.

(4) A warrant for the arrest of defendant Myers was issued and served on December 5, 2006 and the grand jury on December 12, 2006 returned an indictment against defendant Myers for her failure to appear charging her with criminal contempt in violation of 18 U.S.C. § 401(3).

During oral argument before Magistrate Judge David J. Joel on certain pretrial motions conducted on January 30, 2007, William B. Moffitt, counsel for defendant Myers, advised Magistrate Judge Joel that he had told defendant Myers that he had called counsel for the government in an attempt to get an extension for the appearance and production of such documents contained in the subpoenas as he had a medical procedure which prohibited his attendance at the grand jury on December 5, 2006. Further, attorney Moffitt advised Magistrate Judge Joel at the hearing on January 30, 2007 that if there were a trial in this criminal matter, counsel would appear as a witness. The United States contends that whatever advice Mr. Moffitt or other counsel may have given to defendant Myers it is no defense to her disobedience to the subpoena and her failure to appear at the grand jury hearing.[1] The United States contends that

---

[1] At the January 30, 2007 hearing, Mr. Moffitt testified as follows:

> MR. MOFFITT: I told my client the following: That we were going to try to talk to the Judge first thing in the morning. That we were going to arrange a call with the Judge. That I had told Mr. Camilletti that we were going to arrange a call with the Judge, and Mr. Brodnax was going to take care of that and we would proceed from

5

under the circumstances defendant Myers was required to produce the documents, computer server and back up hard drive as she was directed to do so in the particular subpoena. In its motion for disqualification of counsel, the government asserts that since attorney Moffitt has referred to conversations that he had both with the defendant and with Assistant United States Attorney Paul T. Camilletti relevant to defendant's failure to appear as directed by the subpoenas and because it appeared that attorney Moffitt indicated that his co-counsel, attorney Pleasant Brodnax, also had personal information relevant to the issue of defendant Myers's violation, it is indicated that due to the likelihood that attorneys Moffitt and/or Brodnax would testify at the trial of this criminal contempt proceeding, they, if testifying, should be disqualified as counsel at the trial of the criminal contempt proceeding. The United States further moved that the Court require attorney Mills, who is acting as local counsel for defendant Myers, to indicate to the Court as to whether he also intends to present evidence relevant to the substantive issues now before the Court. During the hearing before this Court on February 15, 2007, it appears that attorney Moffitt and his co-counsel acknowledged that their testimony in the trial of this case would preclude their serving as counsel during the trial, thereby warranting

---

there.

(Motions Hr'g Tr. 16-17, Jan. 30, 2007.)

disqualification. Further, defendant's revised witness list filed on February 14, 2007, lists attorney Moffitt and attorney Brodnax as probable witnesses at the trial of this criminal contempt matter. Attorney Mills is not listed as either a probable or possible witness.

II. Discussion

A. Advice of Counsel Defense

The United States Court of Appeals for the Fourth Circuit in In re Walters v. Burd, 868 F.2d 665, 668 (4th Cir. 1989), has held that "[a]dvice of counsel may be a defense in a criminal contempt proceeding because it negates the element of willfulness" (citing United States v. Armstrong, 781 F.2d 700 (9th Cir. 1986); NLRB v. Berkley Machine W. & F. Co., 189 F.2d 904 (4th Cir. 1951)).[2] Based upon Fourth Circuit law, this Court denies the United States's motion in limine at this time and will permit further consideration of advice of counsel as a defense. This Court will permit testimony as to the advice given by Myers's attorney or attorneys and will then determine whether it is sufficient to constitute a defense on the issues of willfulness. At the threshold, the Court feels it is appropriate to permit testimony of advice of counsel. In her response to this motion in limine, the defendant, while conceding that the attorney-client privilege (and presumably the

---

[2]Other circuits appear to either allow such a defense under certain circumstances, prohibit such a defense, or limit the defense to mitigation of any sentence imposed.

7

work product doctrine) would not be dispositive as to the issue of whether a good faith advice of counsel defense is admissible, believes that the attorney-client privilege "provides the necessary context into which this case fits and from which any decision should be reached." At this point, this Court cannot ascertain the full nature and extent of the advice given by Myers's attorneys especially as it may relate to the attorney-client (or work product) privilege. However, this Court does not believe that a jury's consideration of the application of the attorney-client privilege would be relevant in this criminal contempt proceeding. That topic is better addressed through a motion to quash or similar motion in connection with the grand jury proceedings, which this Court understands is ongoing. This Court, therefore, does not decide at this time the application of that privilege as it may ultimately apply to Ms. Myers's obligation to provide certain documents to the grand jury.

III. Disqualification of Counsel

Because this Court is acknowledging the possibility of an advice of counsel defense on the issue of willfulness, this Court recognizes that part of that defense will probably involve testimony by Myers's counsel, attorneys Moffitt and Brodnax, or either of them, and accordingly, this Court grants the United States's motion to disqualify that counsel from participating in the criminal contempt trial. By way of clarification, this ruling

does not disqualify attorneys Moffitt and Brodnax from representing defendant Myers in other proceedings outside of this criminal contempt proceeding, including any investigation of defendant Myers by the grand jury in this district. At the present time, this Court believes that there is insufficient evidence to warrant disqualification of attorney Mills, who is acting as local counsel for defendant Myers. However, if attorney Mills proposes to testify in this case, he would also be disqualified in the manner described above. As with attorneys Moffitt and Brodnax, any disqualification of attorney Mills would not relate to his ability to represent Ms. Myers in any proceedings outside of the criminal contempt proceeding.[3]

Accordingly, the United States's motion in limine regarding advice of counsel is DENIED and the United States's motion to disqualify counsel is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

---

[3] At the hearing on February 15, 2007, Assistant United States Attorney Camilletti indicated that if an advice of counsel defense were permitted and if Myers's attorneys or any of them testified as to conversations that that counsel had with AUSA Camilletti, it would also be necessary that he testify as a witness for the United States. Accordingly, if AUSA Camilletti testifies, he will also be disqualified as counsel for the government in the trial of this criminal contempt proceeding. The possibility of AUSA Camilletti being called as a witness for the defendant raises other issues which will need to be addressed separately.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the defendant and counsel of record herein.

DATED:   February 16, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE