IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                      Criminal Action No. 5:06CR55
                                                    (STAMP)

HEIDI JANELLE SILVER MYERS,

      Defendant.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION,
DENYING THE DEFENDANT'S MOTION TO DISMISS
THE INDICTMENT BASED UPON PROSECUTORIAL
MISCONDUCT IN THE GRAND JURY PROCEEDING,
DENYING DEFENDANT'S MOTION TO QUASH THE GRAND JURY SUBPOENA
AND OVERRULING DEFENDANT'S OBJECTIONS
TO THE REPORT AND RECOMMENDATION**

        I.   <u>Procedural History</u>

On January 8, 2007, the defendant, Heidi Janelle Silver Myers, filed a motion to dismiss the indictment based upon prosecutorial misconduct in the grand jury proceedings pursuant to 18 U.S.C. § 401(3), to which the United States responded. On January 30, 2007, United States Magistrate Judge David J. Joel held a hearing on the defendant's motion to dismiss. The defendant was present in person and by counsel, William B. Moffitt ("Moffitt"), Pleasant Brodnax ("Brodnax") and Kevin D. Mills. Assistant United States Paul T. Camilletti ("AUSA Camilletti") and Thomas O. Mucklow appeared on behalf of the United States. On February 8, 2007, the magistrate judge entered a report recommending that the defendant's

motion to dismiss the indictment based on prosecutorial misconduct in the grand jury proceedings be denied.

The magistrate judge also informed the parties that if they objected to any portion of this report, they must file written objections within ten days after being served with copies of this report.  The defendant filed objections to the report on February 14, 2007.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is made.  As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous."  Because objections have been filed, this Court has made an independent de novo consideration of all matters now before it, and is of the opinion that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.  Thus, this Court finds that the defendant's motion to dismiss the indictment should be denied and her objections to the report and recommendation should be overruled.

## II.  Facts

On November 17 and November 21, 2006, the United States served subpoenas on the defendant seeking closed case files, a computer

server and back-up hard drive. The subpoenas were returned on December 5, 2006.[1]

Following the issuance of the subpoenas, the United States engaged the defendant's former counsel in discussions in an effort to resolve the dispute. However, on December 4, 2006, the defendant's current attorney, William B. Moffitt, contacted the United States to provide notice of the substitution of counsel. In a subsequent call to AUSA Camilletti, attorney Moffitt requested an extension of time to appear and answer the grand jury subpoenas. As justification for the requested extension from the United States, attorney Moffitt indicated that a scheduled and necessary medical procedure prevented his attendance on December 5, 2006. Though the defendant implies improper motives on the part of AUSA Camilletti, his response is not in dispute; the United States informed defense counsel that no extension would be given. As expressed on the record at the January 3, 2007 motions hearing before the magistrate judge and the February 15, 2007 hearing before the undersigned judge, AUSA Camilletti's concern about the ongoing destruction of evidence in violation of 18 U.S.C. § 1512(c) was the basis of his decision to withhold the requested extension.

---

[1]The magistrate judge found at the hearing on January 30, 2007 that the United States believed that the requested materials, relevant to the ongoing investigation, were removed from the defendant's office prior to the execution of the search warrant on November 17, 2006.

In contrast, the defendant asserts that AUSA Camilletti's decision was motivated by animus.

On the morning of December 5, 2006, attorney Brodnax, telephoned AUSA Camilletti and the chambers of the undersigned judge in attempt to secure an extension. The record is clear that neither the defendant nor any of the attorneys representing her appeared as directed for the grand jury proceedings on December 5, 2006. As a result of the defendant's failure to appear, she was indicted for violation of 18 U.S.C. § 401(3).

On February 15, 2007, this Court held a hearing in which defendant and her counsel appeared by teleconference, on the defendant's motions in limine and the defendant's objection to the Magistrate Judge Joel's report and recommendation regarding the defendant's motion to dismiss the indictment based on prosecutorial misconduct in the grand jury proceedings.[2]

### III. Discussion

In her motion to dismiss, the defendant alleges that AUSA Camilletti violated his ethical duties in failing to inform the grand jury and also the undersigned judge in an ex parte proceeding of the reasons for the defendant's absence. Additionally, the defendant contends that this alleged ethical violation resulted in actual prejudice to the defendant in the form of the subsequent

---

[2]The defendant and her counsel filed written consent waivers to appear by teleconference for this hearing. Further, the other pending motions will be ruled upon in separate orders.

indictment for violation of 18 U.S.C. § 401(3). In response, the United States contends that AUSA Camilletti did not violate any rules of ethics and that the defendant did not make a reasonable request for an extension of time. Further, the United States asserts that the defendant fails to present evidence of animus or circumstances from which vindictiveness can be presumed.

In his report, Magistrate Judge Joel recommended that the defendant's motion to dismiss the indictment based on prosecutorial misconduct in the grand jury proceedings be denied.

In her objections to the magistrate judge's report and recommendation, the defendant objects to the magistrate judge's recommendation to deny the motion to dismiss and the magistrate judge's ruling denying the motion to quash the subpoena.

A. <u>Motion to Dismiss</u>

A court must conduct a two-part inquiry when determining whether to dismiss an indictment due to prosecutorial misconduct. See <u>Bank of Nova Scotia v. United States</u>, 487 U.S. 250, 256 (1988). First, the court undertakes the determination of whether prosecutorial misconduct occurred. <u>United States v. Golding</u>, 168 F.3d 700, 703 (4th Cir. 1999). If misconduct did in fact occur, the court must address whether the identified misconduct resulted in actual prejudice. <u>Id.</u> As noted by the United States Supreme Court, actual prejudice means "that the violation substantially influenced the decision to indict, or . . . there is grave doubt

that the decision to indict was free from substantial influence of such violation." Bank of Nova Scotia, 487 U.S. at 78.

The defendant states in her objections that the magistrate judge did not first determine whether there was prosecutorial misconduct by AUSA Camilletti. The defendant asserts that there was prosecutorial misconduct because AUSA Camilletti never informed the undersigned judge or the grand jury of attorney Moffitt's request for an extension of time. This Court finds that record does not reveal any prosecutorial misconduct with respect to AUSA Camilletti's failure to inform the undersigned of attorney Moffitt's circumstances.

This Court notes that it is well settled that "absent a compelling reason, a court may not interfere with the grand jury process," and the proper way to challenge a subpoena is by filing a motion to quash. In re Grand Jury Proceedings No. 5, 401 F.3d 247, 250 (4th Cir. 2005). The defendant was subpoenaed to appear for the grand jury proceedings on December 5, 2006. Attorney Brodnax contacted the undersigned's office on the morning of December 5, 2006, three days after being retained.[3] The undersigned's office advised attorney Brodnax to file a motion. Neither the defendant nor her counsel filed a motion. Instead, the

---

[3]Attorney Moffitt asserts that he could not attend the December 5, 2006 grand jury proceeding because he had a medically scheduled procedure. However, attorney Moffitt does not disclose why he failed to contact chambers earlier and why he failed to file a motion prior to the grand jury proceedings.

6

defendant waited until December 19, 2006 to file her first motion to quash. There was never a motion to quash the subpoenas filed prior to December 5, 2006.

Further, in order to prevail on a motion to dismiss based upon prosecutorial misconduct, the movant must demonstrate actual prejudice. Upon review of the defendant's motion and the arguments presented at the February 15, 2007 hearing, it is apparent to this Court that the defendant failed to demonstrate actual prejudice.

In her objections, the defendant argues that pursuant to <u>United States v. Wilson</u>, 262 F.3d 305, 314 (4th Cir. 2001), prosecutorial vindictiveness in violation of a defendant's due process rights is established when a defendant shows, through objective evidence, that: (1) the prosecutor acted with genuine animus toward the defendant; and (2) the defendant would not have been prosecuted but for that animus.

This Court finds that the defendant has failed to prove both of the prongs under <u>Wilson</u>. <u>Id.</u>

There was no reason for the defendant to fail to appear when there was no motion to quash filed and there was no assurance from the Court or the United States that she did not need to appear at the grand jury proceedings. This Court cannot find that there was misconduct on the part of AUSA Camilletti for obtaining an indictment of the defendant for her failure to appear. Thus, this Court finds that the defendant has failed to demonstrate actual

prejudice in order to prevail on her motion to dismiss the indictment based on prosecutorial misconduct. Accordingly, the defendant's motion to dismiss the indictment based on prosecutorial misconduct in the grand jury proceedings should be denied.

B.  Motion to Quash Grand Jury Subpoena

The defendant contends that pursuant to Federal Rule of Criminal Procedure 17(c)(2), the West Virginia Rules of Professional Conduct, Federal Rule of Evidence 501 and the common law doctrines of attorney-client privilege and work product doctrine, the United States's subpoena requesting her complete client files as well as the information on the hard drive of her computer should be quashed.

The magistrate judge found that the subpoena was properly issued and served and recommended that the defendant's motion should be denied.  Based upon a review of the record and the arguments of counsel on February 16, 2007, this Court finds that the defendant's motion to quash the grand jury subpoena should be denied.

IV.  Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the defendant's objections to the report and recommendation lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety.  Thus, defendant, Heidi Janelle

8

Silver Myers's motion to dismiss the indictment based on prosecutorial misconduct is hereby DENIED and the defendant, Heidi Janelle Silver Myers's motion to quash the grand jury subpoena is hereby DENIED.  For the reasons stated above, the defendant Heidi Janelle Silver Myers's objections to the magistrate judge's report and recommendation are hereby OVERRULED.

    IT IS SO ORDERED.

    The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

    DATED:    February 16, 2007

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE